## MEREDITH et al. v. THRALLS et al.
### No. 397.

Circuit Court of Appeals, Second Circuit.

July 13, 1944.

Writ of Certiorari Denied Oct. 23, 1944.

See 65 S.Ct. 92.

Lewis, Marks & Kanter, of Brooklyn, N. Y., and Julius Silver, of New York City (Julius Silver, of New York City, Lloyd B. Kanter, of Brooklyn, N. Y., and Jack L. Rappaport, of New York City, of counsel), for Bondholders' Protective Committee, appellants.

Percival E. Jackson and Archibald Palmer, both of New York City (Percival E. Jackson, of New York City, of counsel), for John Vanneck, Barbara B. Vanneck, Equitable Holding Corporation, Vanneck Realty Corporation, Frank Bailey, Anna Kuhlmann, and Catherine Kuhlmann, appellants.

Auchincloss, Alley &· Duncan, Root, Clark, Buckner & Ballentine, and James J. Dealy, all of New York City, (James B. Alley, William P. Palmer, James F. Dealy, and Charles R. Lowther, all of New York City, of counsel), for Realty Associates Securities Corporation, Consolidated Realty Corporation, and Amalgamated Properties, Inc., appellees.

Herrick & Feinstein, of Brooklyn, N. Y., (Abraham Feinstein and Arthur L. Feinstein, both of Brooklyn, N. Y., of counsel), for Bondholders' Directors Committee, appellees.

Newman & Bisco, (David Barnett, of New York City, of counsel), for Manufacturers Trust Co., as indenture trustee, et al., appellees.

Roger S. Foster, of Philadelphia, Pa., and George Zolotar, of New York City (Kiva Berke, of New York City, of counsel), for Securities and Exchange Commission.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

These appeals bring up for review two orders entered in a proceeding for reorganization of the debtor, Realty Associates Securities Corporation, under Chapter X of the Bankruptcy Act, 11 U. S.C.A. § 501 et seq. Upon approval of the debtor's petition the district judge, pursuant to § 156, 11 U.S.C.A. § 556, appointed two trustees who were disinterested, and Jerome Thralls, who was a director of the debtor, as an "additional"

trustee. The appellants who constitute the Bondholders' Protective Committee moved to vacate the appointment of Mr. Thralls and have appealed from the order of November 4, 1943 denying their motion. All of the appellants have appealed from the order of February 4, 1944, which dismissed objections made at the hearing held pursuant to sections 161 and 162 of the Bankruptcy Act, 11 U.S.C.A. §§ 561, 562, and continued Mr. Thralls in office. Both appeals raise the same questions.

No one questions the ability or the integrity of Mr. Thralls. The objections advanced to his retention are (1) that there was no need for the appointment of an additional trustee in this proceeding and (2) in any event Mr. Thralls was disqualified because he had not been an operating officer of the debtor and was not "disinterested" within the meaning of section 158 of the Bankruptcy Act, 11 U.S.C.A. § 558.

Since the indebtedness of the debtor exceeded $250,000, the debtor could not be continued in possession but the judge was required to appoint one or more trustees upon approval of the debtor's petition. Section 156.* Pursuant to this provision two "disinterested" trustees were appointed; and acting under the final sentence of said section the judge also appointed Mr. Thralls as an "additional" trustee for the purposes specified in section 189, 11 U.S.C.A. § 589, i.e., to "operate the business and manage the property." The appellants argue that the legislative history of chapter X indicates that an additional trustee should be appointed only in the exceptional case, and that there was no need to appoint one in this proceeding. The appellees deny that the legislative history justifies any such limited construction of the section. Regardless of which construction is correct it would seem that usually, in the interest of economy in administration, an "additional", i.e. operating, trustee should not be appointed when the disinterested trustees retain in their employ the top operating officers and employees of the debtor. In the case at bar, however, we should hesitate to find an abuse of discretion in the appointment of Mr. Thralls either because his services were not needed or because he had not taken an active enough part in the operations of the debtor before it filed its petition for reorganization. But these issues need not be decided because we think his appointment was precluded by reason of disqualification under section 158.

The second sentence of section 156 directs that "any trustee appointed under this chapter shall be disinterested." Section 158 defines four classes of persons who shall not be deemed disinterested for the purposes of section 156. The third group includes a director, officer or employee of the debtor. The last sentence of section 156 expressly removes this disqualification in the case of an additional trustee. We think that it implicitly removes the disqualification specified in section 158(1) arising from ownership of the debtor's stock, since directors usually do own some stock. The provisions of sections 156 and 158 must be made to harmonize so far as possible. We can see nothing in the words or policy of section 156 to preclude giving effect to section 158(4) which disqualifies a person if "it appears that he has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such underwriter, or for any reason an interest materially adverse to the interests of any class of creditors or stockholders."

The appellees argue that the requirement of section 156 that any trustee shall be disinterested relates only to the trustee or trustees who must be appointed under that section, and not to an additional trustee whose appointment is discretionary with the district judge. As originally presented to, and passed by, the House section

---

* Section 156, 11 U.S.C.A. § 556, reads as follows:

"Appointment of trustees; continuance of debtor in possession.

"Upon the approval of a petition, the judge shall, if the indebtedness of a debtor, liquidated as to amount and not contingent as to liability, is $250,000 or over, appoint one or more trustees. Any trustee appointed under this chapter shall be disinterested and shall have the qualifications prescribed in section 73 of this title, except that the trustee need not reside or have his office within the district. If such indebtedness is less than $250,000, the judge may appoint one or more such trustees or he may continue the debtor in possession. In any case where a trustee is appointed the judge may, for the purposes specified in section 589 of this title, appoint as an additional trustee a person who is a director, officer, or employee of the debtor."

156 contained no provision for an additional trustee. The last sentence of the section came in through a Senate amendment. It was a compromise of the controversial issue whether every trustee must be disinterested or whether the whole matter should be left to the discretion of the appointing judge. In our opinion the statute should be construed as leaving applicable so much of section 158 as is not inconsistent with the requirement that the additional trustee be a "director, officer or employee." This accords with the literal language and would seem sound policy, consistent with the congressional intent to do away with "friendly" trustees except to the extent of the compromise provision.

Mr. Thralls is an employee of the Reconstruction Finance Corporation which owns, through another corporation, all the stock of the debtor. It also appears that the debtor has had and is likely to continue to have business dealings with Prudence Bonds Corporation and other units of the so-called Prudence group of companies, in all of which the Reconstruction Finance Corporation is heavily interested. As the representative of the latter and as additional trustee of the debtor Mr. Thralls will necessarily be under a cross-fire of conflicting loyalties in any such transaction. He testified that if such a situation should arise, he would report it to the court and leave determination of the question to his co-trustees, as he had done in the past in his capacity as a director. The district judge has complete confidence in the integrity of Mr. Thralls and so have we. But if we are right in construing the statute to forbid the appointment of a person having such dual interests, the objection cannot be waived because the integrity of the particular individual makes it unlikely that harm will result. We are of opinion that the appointment was unauthorized. Orders reversed.

L. HAND, Circuit Judge (dissenting).

I agree with all that my brothers say, and should agree in their result as well, except for a difference in the interpretation of § 158(4). As I read their opinion, they hold that, even though it can be made certain that Mr. Thralls will take part in no transactions in which he has "an interest materially adverse to the interests of any class of creditors," and even though the judge is satisfied that, notwithstanding this limitation, his services as an "operating"

trustee only, are desirable, he cannot be retained. I see no reason for overstraining the meaning of the words as it seems to me this reading does. Assuming that those transactions can be ascertained in which an "operating" trustee will have any adverse interest, and that he will withdraw from all such, the judge ought to be allowed in his discretion to decide whether he needs him in those transactions in which he can act. There is a good ground for distinguishing "operating" trustees in this respect from those having general control over the reorganization.