In re OCEAN CITY AUTO. BRIDGE CO.

No. 9926.

United States Court of Appeals
Third Circuit.

Argued Oct. 10, 1950.

Filed Oct. 31, 1950.

Allen J. Levin, Philadelphia, Pa. (Morton P. Rome, and Sundheim, Folz, Kamsler & Goodis, all of Philadelphia, Pa., Bryan B. McKernan, and Wolverton & Wolverton, all of Camden, on the brief), for appellants.

David Ferber, Washington, D.C. (Roger S. Foster, General Counsel, Washington, D. C., George Zolotar, Special Counsel, New York City, on the brief), for S. E. C.

William C. Gotshalk, Camden, N. J., for trustee.

Before ALBERT LEE STEPHENS, MARIS and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by creditors from an order of the district court refusing to remove Robert K. Bell as additional trustee of the Ocean City Automobile Bridge Company, a debtor in reorganization under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq. Mr. Bell was appointed as additional trustee to operate and manage the business of the debtor pursuant to Section 156 of the Bankruptcy Act. He is secretary, treasurer, director and counsel for the debtor corporation. He also owns shares of its common stock. His wife owns first mortgage bonds and shares of its common and preferred stock. He has acted as counsel for various stockholders and creditors of the corporation. Mr. Bell is a prominent member of the New Jersey bar. His ability and integrity are not questioned. The sole question presented by the appeal is whether he was legally disqualified for appointment because he was not "disinterested" within the meaning of Section 158 of the Bankruptcy Act. The determination of this question involves the consideration of the pertinent sections of the act, which are as follows:

"Sec. 156. Upon the approval of a petition, the judge shall, if the indebtedness of a debtor, liquidated as to amount and not contingent as to liability, is $250,000 or over, appoint one or more trustees. Any trustee appointed under this chapter shall be disinterested and shall have the qualifications prescribed in section 45 of this Act, except that the trustee need not reside or have his office within the district. If such indebtedness is less than $250,000, the judge may appoint one or more such trustees or he may continue the debtor in possession. In any case where a trustee is appointed the judge may, for the purposes specified in section 189 of this Act, appoint as an additional trustee a person who is a director, officer, or employee of the debtor." 11 U.S.C.A. § 556.

"Sec. 158. A person shall not be deemed disinterested, for the purposes of section 156 and 157 of this Act, if—

"(1) he is a creditor or stockholder of the debtor; or

"(2) he is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the date of the filing of the petition was the underwriter of any securities of the debtor; or

"(3) he is, or was within two years prior to the date of the filing of the petition, a director, officer, or employee of the debtor or any such underwriter, or an attorney for the debtor or such underwriter; or

"(4) it appears that he has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such underwriter, or for any reason an interest materially adverse to the interest of any class of creditors or stockholders." 11 U.S.C.A. § 558.

"Sec. 189. A trustee or debtor in possession, upon authorization by the judge, shall operate the business and manage the property of the debtor during such period, limited or indefinite, as the judge may from time to time fix, and during such operation or management shall file reports thereof with the court at such intervals as the court may designate." 11 U.S.C.A. § 589.

It will be observed that Section 156, which authorizes the appointment of trustees and additional trustees, specifically provides that "Any trustee appointed under this chapter shall be disinterested" while Section 158 spells out in detail the situations in which a person shall not be deemed to be disinterested. One of these, described in paragraph (3) of Section 158, is that "he is, or was within two years prior to the date of the filing of the petition, a director, officer, or employee of the debtor * *". Nonetheless, Section 156 provides that an additional trustee appointed to operate and manage the business may be a director, officer or employee of the debtor. It is this patent inconsistency in the statutory provisions which gives rise to the present controversy.

In Meredith v. Thralls, 2 Cir., 1944, 144 F.2d 473, certiorari denied 323 U.S. 758, 65 S.Ct. 92, 89 L.Ed. 607, the construction of these provisions of the Bankruptcy Act came before the Court of Appeals for the Second Circuit. In that case Judge Swan said 144 F.2d at pages 474, 475: "The appellees argue that the requirement of section 156 that any trustee shall be disinterested relates only to the trustee or trustees who must be appointed under that section, and not to an additional trustee whose appointment is discretionary with the district judge. As originally presented to, and passed by, the House section 156 contained no provision for an additional trustee. The last sentence of the section came in through a Senate amendment. It was a compromise of the controversial issue whether every trustee must be disinterested or whether the whole matter should be left to the discretion of the appointing judge. In our opinion the statute should be construed as leaving applicable so much of section 158 as is not inconsistent with the requirement that the additional trustee be a 'director, officer or employee.' This accords with the literal language and would seem sound policy, consistent with the congressional intent to do away with 'friendly' trustees except to the extent of the compromise provision."

We are in accord with this construction of the statutory provisions and conclude, therefore, that the district court may in spite of the provisions of Section 158(3) in an appropriate case appoint as an additional trustee to operate and manage the business of a debtor corporation under Chapter X a person who is a director, officer or employee. We think, however, that the exemption of such an additional operating trustee from compliance with the standards of disinterestedness laid down by Section 158 goes no farther than is compelled by the literal language of the last sentence of Section 156, which incorporates the Senate amendment. In other words, such an additional trustee may be a director, officer or employee of the debtor but he may not come within any of the other classes referred to in Section 158, that is, he may not be (1) a creditor or stockholder of the debtor, (2) an underwriter of any of its securities, (3) a director, officer or employee of any such underwriter, or an attorney for the debtor or such underwriter, or (4) materially interested adversely to the interests of any class of creditors or stockholders.

We think that the exception which Congress sought to make in the case of an additional operating trustee was limited to an individual who as a director, officer or employee had familiarity with the business of the debtor in the past, but no financial interest in its future, and that it did not in-

tend to open the doors to the appointment of persons who by reason of ownership of securities or otherwise had an interest in the reorganization of the debtor which might make it difficult for them to act independently. For it is clear from the legislative history of Chapter X that Congress intended that the trustees of debtors in reorganization under that chapter should be independent and disinterested [1] so far as possible. Accordingly we do not think, as suggested in Meredith v. Thralls, that an additional trustee appointed under the last sentence of Section 156 may lawfully be a stockholder as well as a director, officer or employee of the debtor. As we have said, Mr. Bell was a stockholder of the debtor and its counsel. Moreover it appears that he had an interest adverse to certain classes of securityholders by reason of his wife's ownership of securities and his representation as counsel of other groups of securityholders. He was, therefore, not "disinterested" within the meaning of Section 158 of the Bankruptcy Act and his appointment was accordingly not authorized by Section 156 of that act. It follows that the court erred in refusing to remove him at the instance of the appellants.

▪ Moreover, we think that in any event the record fails to disclose any legal basis for the appointment of an additional operating trustee in this case. The legislative history indicates that it was the intention of Congress that an additional operating trustee should be appointed only in those exceptional cases where the services of an individual who had been a director, officer or employee of the debtor were necessary to operate its business and manage its property and it was not feasible for the trustee to secure the services of the individual in question by employing him in the ordinary way. It was only in an unusual case of that kind that a director, officer or employee of the debtor was to be appointed as an additional operating trustee.[2]

▪ In the present case there is no finding by the district court that the trustee of the debtor is unable to employ individuals, whether formerly associated with the debtor or not, who are competent to manage and operate the debtor's business. Nor is there any evidence in the record upon which such a finding could be made. Indeed the operations of the debtor are so comparatively simple as to appear to exclude the possibility of such a finding. We conclude that it has not been shown that the present case is so exceptional as to call for the appointment of an additional operating trustee and that for this reason al-

---

1. In its report, S.Rep.No.1916, 75th Cong. 3d Sess., April 20, 1938, recommending the passage of the Chandler Act, H.R. 8046, the enactment of which added Chapter X to the Bankruptcy Act, the Senate Committee on the Judiciary said (pp. 21, 27):

". . . Under section 77B [11 U.S.C. A. § 207], however, not only may the trustee—who is equivalent to the receiver in equity—be a 'friendly' trustee; but the debtor itself, irrespective of the size of the corporation, may remain in possession and control of the estate. The debtor as a result receives all the benefits of a receivership, while the creditors fail to receive all of its protection.

. . .

"Section 156 puts an end to the general practice of leaving the debtor in possession, or of appointing 'friendly' trustees, including officers of the debtor corporation, in proceedings under section 77B. In cases where the debtor's fixed liabilities are $250,000 or more, section 156 requires the appointment,

upon the approval of a petition, of independent officers, free of conflicts of interest as defined in section 158. . . ."

2. When H.R. 8046 reached the House of Representatives for concurrence in the Senate amendments Representative Chandler, its sponsor, explained the Senate amendment here in question as follows:

"Appointment of cotrustees (sec. 156): The Senate has deemed it advisable to amend this section so as to make it possible for the judge to appoint an officer or employee of the debtor as cotrustee for the single purpose of aiding in the management and operation of the debtor's business or property. In the unusual case this may be desirable, and the Senate amendment supplies flexibility in this regard. Since the disinterested trustee is empowered to employ officers of a debtor (sec. 191), such appointment of a cotrustee would not be necessary in the ordinary case." 83 Cong. Rec. 9107.

so the appointment of Mr. Bell as additional trustee was erroneous.

The order of the district court will be reversed and the cause will be remanded with directions to enter an order vacating the appointment of Robert K. Bell as additional trustee of the debtor.