**In re PRUDENT HOLDING CORP., Debtor.**

**Bankruptcy No. 192–20470–353.**

United States Bankruptcy Court, E.D. New York.

May 10, 1993.

## ORDER DENYING MOTION TO AUTHORIZE THE RETENTION OF SUBSTITUTE COUNSEL FOR DEBTOR IN POSSESSION

JEROME FELLER, Bankruptcy Judge.

Prudent Holding Corp. (the "Debtor"), having filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 9, 1992; and the Debtor, by order of this Court dated January 27, 1993, having obtained authorization pursuant to § 327(a) of the Bankruptcy Code to retain the law firm of Sawyer, Davis, Halpern & Rosenstock as its attorneys in this Chapter 11 case; and the Debtor having moved this Court by notice of hearing dated April 23, 1993, supported by an application dated April 7, 1993 and an affidavit of Alec P. Ostrow, Esq., sworn to on April 8, 1993, for authorization pursuant to § 327(a) of the Bankruptcy Code to retain the law firm of Salomon Green & Ostrow ("SGO") as substitute general counsel (the "Motion"); and the United States Trustee having filed an objection dated April 20, 1993 to the Debtor's retention of SGO; and a hearing on the Motion having been held before the undersigned bankruptcy judge on May 6, 1993 (the "Hearing"); and SGO, by Alec P. Ostrow, Esq., of counsel, having appeared at the Hearing in support of the Motion; and the Office of the United States Trustee, by Douglas E. Spelfogel, Esq., of counsel, having appeared at the Hearing in opposition to the Motion; and, after having heard oral argument on the matter from the parties, and upon review of the papers filed, and after due deliberation, the undersigned bankruptcy judge having delivered a detailed oral opinion on the matter from the bench; and upon the record compiled at the Hearing; it is

ESTABLISHED, DETERMINED and FOUND, that:

1. Mr. Anthony Prudenti is the president and sole shareholder of three corporations, i) the Debtor, ii) Prudenti's Restaurant on the River, Inc. ("PRRI"), and iii) Giando on the Water, Inc. ("GWI").

2. The Debtor owns and manages some five parcels of commercial and residential real estate located in Long Island City, New York which produces rental income. PRRI owns certain real estate located in Brooklyn, New York upon which a restaurant and catering facility was constructed by Mr. Prudenti. GWI is the actual operator of the restaurant and catering establishment.

3. The Debtor borrowed approximately $2.4 million from the Bank of Credit & Commerce International, S.A. ("BCCI") in 1987 to construct a restaurant and catering facility. PRRI was a co-borrower and the loan was collateralized by the real estate owned by the Debtor and PRRI. The loan was personally guaranteed by Mr. Prudenti.

4. The loan obtained from BCCI went into default and the Superintendent of Banks of the State of New York, the successor in interest to BCCI, commenced a state court foreclosure action in April 1992,

naming the Debtor, PRRI, GWI and Mr. Prudenti as defendants.

5. On April 1, 1993, the Debtor by Anthony Prudenti, President, signed a letter retainer agreement with SGO. Under the terms of the retainer agreement SGO has been paid $30,000 in post-petition retainers * by Mr. Prudenti out of his personal assets, and SGO has been guaranteed compensation for its services in the Debtor's Chapter 11 case by Mr. Prudenti, PRRI and GWI. The retainer agreement further provides that SGO is to serve not only as counsel for the Debtor, but also as counsel for Mr. Prudenti, PRRI and GWI.

6. Mr. Prudenti has freely employed monies of the Debtor for purposes of the restaurant business and to meet his personal living expenses such as mortgage payments on his home, utility bills, and oil bills. There is no dispute that substantial sums were transferred from the Debtor to Mr. Prudenti, GWI and/or PRRI. Mr. Prudenti maintained little or no relevant books and records during the period that he and the restaurant business were the recipients of the Debtor's largesse.

7. The Debtor has *prima facie* valid claims against Mr. Prudenti, PRRI and/or GWI.

8. Mr. Prudenti, PRRI and GWI have waived any pre-petition claims they might have against the Debtor, and Mr. Prudenti has waived any claim for reimbursement of the retainers paid to SGO out of his personal funds. However, in that very document containing these waivers, Mr. Prudenti, PRRI and GWI state that they will seek court authorization for any post-petition loans or advances to the Debtor for which an administrative claim may be sought. Under the terms of the April 1, 1993 letter retainer agreement, SGO would represent both the lenders and the borrower in connection with such post-petition financing; and it is

CONCLUDED, ADJUDGED and DECREED, that:

■ 1. Upon the commencement of its Chapter 11 case on December 9, 1992, the Debtor, Prudent Holding Corp. was transformed into a new legal entity, a debtor-in-possession, and as such assumed the mantle of a trustee. *See* Bankruptcy Code §§ 1107 and 1108. At the inception of a bankruptcy case, the trustee or debtor-in-possession assumes the stewardship of an estate in bankruptcy. Any counsel retained by the trustee or debtor-in-possession is a fiduciary. He owes the duty of undivided loyalty and exclusive allegiance to the estate in bankruptcy. *See In re Consolidated Bankshares, Inc.*, 785 F.2d 1249, 1256 & n. 7 (5th Cir.1986) (court appointed counsel are fiduciaries and can serve only one master (citing *In re Bohack Corp.*, 607 F.2d 258, 264 (2d Cir.1979) and *Woods v. City Nat'l Bank & Trust Co.*, 312 U.S. 262, 269, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941))).

■ 2. Bankruptcy Code § 327(a) requires application of a two prong test for employment of professional persons by a trustee in a bankruptcy case. That section provides that a debtor-in-possession may employ counsel, with court approval, that i) does not hold or represent an interest adverse to the estate and ii) is a disinterested person. Both prongs must be met and the court must be so satisfied.

■ 3. Bankruptcy Code § 327(a) is a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded.

■ 4. The disinterestedness requirement, adopted from Chapter X of the former Bankruptcy Act, Bankruptcy Act §§ 156–158, codified at 11 U.S.C. §§ 556–558 (repealed 1978), eliminates the existence of interests which might impair the high degree of impartiality and detached judgment expected of trustee's general counsel in the administration of an estate in bankruptcy. *See, Meredith v. Thralls*, 144 F.2d 473 (2d Cir.1944) (employee of a corporation which owned, through another corporation, stock of the debtor was disqualified as not being disinterested); *In re*

---

* The Court expresses no opinion on the legality of such post petition retainers.

**632**

*Realty Assocs. Sec. Corp.,* 56 F.Supp. 1007 (E.D.N.Y.1944) (to be disinterested a person "must be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters.").

5. SGO is not a disinterested person as such term is defined in 11 U.S.C. § 101(14)(A) and (E) and is accordingly ineligible to serve as attorneys for the Debtor.

6. SGO represents interests adverse to the estate, i.e., Mr. Prudenti, PRRI and/or GWI, and is accordingly ineligible to serve as attorneys for the Debtor; it is accordingly

ORDERED, that the Debtor's Motion to authorize retention of Salomon Green & Ostrow, P.C. as substitute counsel for the debtor-in-possession be, and it hereby is, denied.