**In re BLACK & WHITE CAB COMPANY, INC.**

**Bankruptcy No. 94–41654 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 10, 1994.

---

Martha McAlister, Little Rock, AR, for debtor.

Robert Gross, Little Rock, AR, for creditor Eddie Beck.

### ORDER GRANTING APPLICATION TO HIRE ATTORNEY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor-in-possession's Application for Order Authorizing Retention of Special Counsel filed on September 30, 1994, pursuant to 11 U.S.C. § 327(e). The debtor seeks to hire John W. Hall,[1] a distinguished attorney specializing in criminal law, for the special purpose of representing the debtor corporation in an investigation of Medicaid fraud being conducted by the Federal Bureau of Investigation ("FBI"). Eddie Beck, the objecting creditor, holds a personal injury judgment against the debtor.

The debtor operates a taxi cab service and is a public health care provider under contract with Medicaid. John W. Hall, Sr., is the president and owner of the debtor. Not surprisingly, the shareholder's son, the applicant and/or another attorney in his law firm, has performed legal services for the debtor over the years, including representation of the debtor in the personal injury litigation with Eddie Beck. Issues regarding the personal injury suit are before the Supreme Court of Arkansas.

In August 1994, the FBI, pursuant to a search warrant, seized records from the debtor in furtherance of an investigation of

---

1. The applicant is John W. Hall, P.A. However, for purposes of this opinion, the applicant is referred to as Mr. Hall.

alleged Medicaid fraud. John W. Hall, Jr. was retained to represent the corporation with regard to this investigation. It is for the continued representation in this matter that the debtor seeks to hire Mr. Hall. Eddie Beck objects to the application on the basis that Mr. Hall's affidavit failed to disclose that Hall's firm represented the debtor in the Beck litigation.

■ Section 327 which provides the authority for the debtor to hire special counsel provides in pertinent part:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney who has represented the debtor, if it is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Thus, in order to hire counsel for a special purpose, the debtor need demonstrate: (1) the attorney previously represented the debtor; (2) hiring the attorney is in the best interest of the estate; and (3) the attorney does not hold an interest adverse to the debtor or estate *with respect to the special matter.* (Emphasis added.)

■ There was ample evidence that Mr. Hall has performed previous legal services for the debtor and, specifically, has performed legal services with regard to the Medicaid matter. Moreover, there were no allegations that Mr. Hall held any adverse interests with regard to the Medicaid matter.[2] The only issue even arguable is whether hiring Mr. Hall is in the best interest of the estate.

The evidence is ample that hiring Mr. Hall is in the best interest of the estate. Mr. Hall's superior qualifications in criminal matters are well known to the Court as well as this legal community. There was also evidence that Mr. Hall's fees for representation in this matter would be lower than that likely

available from other counsel as experienced as he in such matters. Having performed services for the debtor in the past, Mr. Hall is already somewhat familiar with the debtor's organization and its employees. He is also already familiar with the FBI investigation being conducted, having obtained a copy of the search warrant, discussed the matter with the debtor's principals as well as the Assistant United States Attorney assigned to the criminal investigation. These facts indicate that Mr. Hall can assist in the resolution of the investigation against the debtor more expeditiously than any other attorney. All parties seem to agree that the faster this matter is resolved, the better for all creditors, including Mr. Beck. Indeed, were the investigation to be delayed, debtor's Medicaid certification would be in jeopardy. Were it to lose the certification, all creditors' claims would be subject to greater risk in payment.

The most important factor in this determination, however, is the fact that debtor's employees are familiar with Mr. Hall and are more willing to assist Mr. Hall in the investigation and defense of the debtor in the FBI investigation. Inasmuch as the search warrant was obtained as a result of information provided by employees of the debtor, it is imperative that the employees have confidence in or, at least, feel comfortable with debtor's counsel in the criminal matter. Since there was testimony that the employees have a willingness to speak with Mr. Hall regarding the allegations contained in the search warrant, Mr. Hall's representation may be crucial. Accordingly, the Court finds that it is in the best interest of the estate that Mr. Hall be hired as counsel regarding the Medicaid investigation pursuant to 11 U.S.C. § 327(e).

■ The creditor asserts that the failure to disclose Hall's previous representation of the debtor in the case with the creditor Beck precludes approval of the application. While Rule 2014(a), Federal Rules of Bankruptcy Procedure, requires that the affidavit dis-

---

**2.** While there were allegations that Mr. Hall was not disinterested for other reasons, including the fact that he is the son of the owner of the debtor, there is no requirement that special counsel be disinterested in the case. The limitation is that

the attorney not hold an adverse interest with regard to the particular matter of representation. *See generally In re Statewide Pools, Inc.,* 79 B.R. 312 (Bankr.S.D.Ohio 1987); *In re G & H Steel Service, Inc.,* 76 B.R. 508 (Bankr.E.D.Pa.1987).

close all connections with the debtor, creditors, and other parties-in-interest, the facts of this case do not support disqualification. This is an application under section 327(e), a section which imposes fewer restrictions upon the applicant than section 327(a). In this instance the applicant's law firm previously represented the debtor in a personal injury matter with this creditor. The application seeks special representation on a totally unrelated criminal matter. Since the purpose of the rule is to permit the Court to evaluate actual or potential conflicts or adverse interests, *In re American Thrift & Loan Association,* 137 B.R. 381 (Bankr. S.D.Cal.1992), the failure to indicate the previous personal injury representation in a section 327(e) application to represent the debtor in an unrelated criminal matter does not warrant disqualification. *See In re Film Ventures International, Inc.,* 75 B.R. 250 (9th Cir. BAP 1987); *In re Servico, Inc.,* 149 B.R. 1009 (Bankr.S.D.Fla.1993); *see also American Thrift,* 137 B.R. at 389. The applicant disclosed that it had represented the debtor in previous matters. This Court will not require an applicant under section 327(e) to, in effect, list each and every matter in which it undertook representation of the debtor where such prior representation has no relation to the special matter for which representation is sought. Accordingly, the creditor's objection will be overruled and it is

**ORDERED** that the Application for Order Authorizing Retention of Special Counsel filed on September 30, 1994, pursuant to 11 U.S.C. § 327(e), is hereby GRANTED.

**IT IS SO ORDERED.**