**In re FIRST AMBULANCE CENTER OF TENNESSEE, INC., Debtor.**

**Bankruptcy No. 95–01664–AT3–11.**

United States Bankruptcy Court,
M.D. Tennessee.

April 28, 1995.

Jeanne C. Schuller, Nashville, TN, for debtor.

Barbara D. Holmes, Asst. U.S. Trustee, Nashville, TN.

## MEMORANDUM

ALETA ARTHUR TRAUGER,
Bankruptcy Judge.

This matter came before the court on April 18, 1995, upon the application of the debtor-in-possession to hire attorneys and the objection of the United States Trustee thereto. For the reasons set forth below, the U.S. Trustee's objection will be sustained. The following constitute findings of fact and conclusions of law. F.R.B.P. 7052.

**I**

On March 10, 1995, the debtor in possession ("DIP") filed an Application for Approval of Employment of Attorneys, seeking court approval to hire the firms of Hiland, Mathis & Schuller and Lassiter, Tidwell & Hildebrand. Attached to the application were affidavits of Henry C. Hildebrand and Jeanne Schuller. Ms. Schuller's affidavit stated that she represented Jasper and Terri Moon in their pending Chapter 13 case. The Moons are the DIP's president and secretary as well as its sole directors and shareholders.

The U.S. Trustee objected to Ms. Schuller's appointment under 11 U.S.C. § 327 in this case due to her concurrent representation of the Moons in their Chapter 13 case. The U.S. Trustee was particularly concerned that Mr. Moon was a creditor of the DIP, having loaned substantial funds to the DIP.[1] In the U.S. Trustee's view, Mr. Moon's status as an officer, director, shareholder, and creditor of the DIP creates an impermissible conflict of interest for an attorney seeking to represent both the DIP and the Moons.

At the hearing on the U.S. Trustee's objection, Ms. Schuller stated that Mr. Moon had agreed to waive any claim against the DIP which he might have as a creditor and to waive the potential conflict of interest arising out of Ms. Schuller's dual representation. The U.S. Trustee asserts that, even with such waivers, Ms. Schuller's representation of both entities is prohibited by § 327.

**II**

■ Code § 327(a) provides in pertinent part that "the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."[2] Section 101(14) defines "disinterested person" to include a person that: 1) is not a creditor, equity security

holder, or insider; and 2) "does not have an interest materially adverse to the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ... or for any other reason." 11 U.S.C. § 101(14)(A) and (E).

■ Bankruptcy courts have traditionally had wide discretion in matters involving hiring, payment, or disqualification of attorneys and other professionals by the estate. *See In re BH & P, Inc.,* 949 F.2d 1300, 1316 (3d Cir.1991). Each case must be evaluated on its own facts to determine whether the professional meets the requirements of § 327.

In determining whether an attorney or other professional should be disqualified from representing or assisting the bankruptcy estate, the Sixth Circuit has increasingly strictly construed § 327 to disqualify professionals who fail to meet the statutory criteria, even though there may be practical reasons for retaining them. *See In re Federated Department Stores,* 44 F.3d 1310 (6th Cir. 1995); *In re Eagle–Picher Industries,* 999 F.2d 969 (6th Cir.1993); *Childress v. Middleton Arms, L.P.,* 934 F.2d 723 (6th Cir.1991); *In re Georgetown of Kettering,* 750 F.2d 536 (6th Cir.1984). *See also In re W.F. Development Corp.,* 905 F.2d 883 (5th Cir.1990); *In re Pierce,* 809 F.2d 1356 (8th Cir.1987).

In this case, the interests of the DIP and the Moons are at odds in several important respects. First, the Moons have personally guaranteed the two largest debts of the corporation, those owing to NationsBank and Valley Management, which currently total over $1 million. These guarantees are the largest single debts listed in the Moons' Chapter 13 petition[3] and appear to be the primary, if not sole, reason the Moons needed Chapter 13 relief. Though it would be to the Moons' advantage to discharge those guaranties in the Chapter 13, the DIP would

---

1. From testimony of Jasper Moon at March 24, 1995, preliminary cash collateral hearing. *See infra* n. 3.

2. Section 327 is made applicable to debtors-in-possession by 11 U.S.C. § 1107(a).

3. The court may take judicial notice of the Moons' Chapter 13 petition and schedules, as well as Mr. Moon's testimony at the cash collateral hearing. *See* F.R.E. 201(b)(2) and (c); *In re Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 211 (5th Cir.1983).

likely be better served by the Moons' remaining fully liable on the guaranties.

Second, Mr. Moon has testified that he loaned money to the DIP, and he is listed on the DIP's schedules as an unsecured creditor with a claim of $65,800. According to Ms. Schuller, Mr. Moon is willing to waive that claim if necessary to permit her dual representation to go forward, but that will not solve the problem. That claim is an asset of the Moons' Chapter 13 estate which they have a duty to assert on behalf of their individual creditors. *See In re Lee,* 94 B.R. 172, 178–79 (Bankr.C.D.Cal.1988). Mr. Moon's desire to waive the claim in order to benefit the DIP merely highlights the adverse interests of the two estates.

Third, Mr. Moon is an employee of the DIP who receives a monthly salary. At the cash collateral hearing, Mr. Moon testified that he was willing to forego some or all of his salary to aid the DIP's prospects of reorganization. While this sacrifice may be commendable in the Chapter 11 case, it creates several problems in the Chapter 13 case. Under § 1306, Mr. Moon's post-petition earnings are property of the estate. Section 1322(a) requires the Moons to submit to the trustee "all or such portion of future earnings or other future income ... as is necessary for the execution of the plan." Under § 1325(b)(1)(B), if the trustee or an unsecured creditor objects to confirmation, the plan cannot be approved unless the Moons apply all of their projected disposable income toward their plan. Thus, while the DIP would certainly prefer to avoid the expense, the Chapter 13 creditors have a strong stake in Mr. Moon's receiving his full salary from the DIP.

■ These facts all highlight the conflicting interests of the Chapter 11 estate and the Chapter 13 estate. In these circumstances,

the attorney who represents the debtor in one case cannot help but have "an interest materially adverse to the interest of the estate" in the other case, and thus cannot be a "disinterested person" under § 101(14)(E). The Moons will inevitably be torn between conflicting fiduciary duties to the respective estates and at the very least must have separate counsel to properly advise them as to those duties.[4]

The DIP urges that Ms. Schuller's employment can be approved under § 327(c), which provides a limited exception to the disinterestedness requirement of § 327(a). That subsection provides:

> In a case under Chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section *solely* because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c) (emphasis added). This exception, however, provides only that representation of a creditor is not *alone* sufficient grounds for disqualification; it does not prevent disqualification on other grounds. Likewise, the provision that the court "shall disapprove" employment for an actual conflict of interest does not require the court to approve employment in every other situation. In any event, in this case, Mr. Moon is much more than simply a creditor, and the facts discussed above demonstrate an actual conflict of interest. Section 327(c) thus cannot prevent disqualification under § 327(a) here.

The court appreciates the practical concerns which often result in a single attorney or firm representing both a corporation and its principals in their respective bankruptcies, but those concerns cannot override the

4. Although ethical rules permit a client to waive a conflict of interest, the bankruptcy court by virtue of its role under § 327 may override such waiver and prohibit the dual representation. *See In re Amdura Corporation,* 121 B.R. 862, 866 (Bankr.D.Colo.1990) (acknowledging that "activities and multiple representation that may be acceptable in commercial settings, particularly with the informed consent of clients, may not be acceptable in bankruptcy"); *In re B.E.S. Concrete*

*Products, Inc.,* 93 B.R. 228, 235 (Bankr.E.D.Cal. 1988) (noting that "the waiver is more difficult to obtain in a chapter 11 case because the debtor in possession stands in a fiduciary capacity that constrains its ability to make such a waiver"); 1 *Norton, supra,* § 27:8 at 27–19, –20 and n. 71. Because he is subject to such competing interests, Mr. Moon's offer to waive the conflict on behalf of himself and the DIP raises more problems than it solves.

clear language of § 327. *See Middleton Arms*, 934 F.2d at 725 (court cannot use § 105 to disregard disinterestedness requirement); *Eagle–Picher*, 999 F.2d at 972 ("the court is bound to apply the plain meaning of the statute even when the application apparently results in an apparent anomaly" and "make[s] little sense" to the debtor or the court). Section 327 precludes the court from ignoring the materially adverse interests present in this case, even though the dual representation may "make more sense" to the clients.

For these reasons, Ms. Schuller cannot properly represent both the DIP in this case and the Moons in their Chapter 13 case. The U.S. Trustee and the court agree that both cases are at an early enough stage that Ms. Schuller and her clients may elect between the two representations. An appropriate order will be entered.

## ORDER

For the reasons stated in the Memorandum filed herewith, the Objection of the U.S. Trustee to Notice and Application of Debtor for Approval of Employment of Attorneys is SUSTAINED.