**In re Ronald W. COCKINGS.**

**Bankruptcy No. 93–42638 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 3, 1996.

James F. Dowden, Trustee, Little Rock, AR.

Stephen Bennett, Sherwood, AR, for Ronald Cockings.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Trustee's Amended Application for Employment of Special Counsel, filed on March 6, 1996, to which the creditors Carder Investment, Inc., and William Austin filed objections, March 22, 1996, and March 21, 1996, respectively. Hearing on the matter was held on April 30, 1996, at which time the Court took the matter under advisement.

On August 1, 1994, nearly two years ago, the Trustee filed his original application for employment of special counsel by which he sought to employ Charles Laster solely to conduct litigation pending in Oklahoma state courts. On August 3, 1994, the Court entered an Order granting that application. The U.S. Trustee approved the Order and no party sought to set aside the Order or otherwise contest the appointment of counsel. The amended application does not seek additional terms, but, rather, narrows the scope of employment, merely clarifying that Laster is sought to be hired under section 327(e), for a special and limited purpose. The earlier Order approving employment was generic and appeared to approve Laster as attorney for the debtor and found that he is disinterested as is required under section 327(a). At an earlier hearing and upon inquiry by the Court, it was determined that this Order did not correctly reflect Laster's *special* counsel status under 327(e). However, the parties understood this and the earlier order was not specifically amended. Thus, the instant application by the trustee seeks only to clarify the employment under the correct section of the Code. This is important because special counsel status does not have the requirement of disinterestedness. Austin's arguments that this is a request for a *nunc pro tunc* Order (which requires disinterestedness even for special counsel), under the circumstances, is disingenuous. All parties to this incredibly lengthy litigation, covering two states, were aware of the true status of Mr. Laster's employment by the trustee.

Carder's objection does not assert that the terms of employment are unreasonable, but merely asserts that there is no further work to be performed in the Oklahoma state litigation such that Laster's employment is unnecessary. Austin's objection asserts that since the attorney claims a lien on the judgment in favor of Cockings, there exists a conflict of interest with the estate.

Section 327 which provides the authority for the debtor to hire special counsel provides in pertinent part:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney who has represented the debtor, if it is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Thus, in order to hire counsel for a special purpose, the trustee need demonstrate: (1) the attorney previously represented the debtor; (2) hiring the attorney is in the best interest of the estate;

and (3) the attorney does not hold an interest adverse to the debtor or estate *with respect to the special matter.* (Emphasis added.) There was ample evidence that Laster has performed previous legal services for the debtor and, specifically, has performed legal services with regard to the litigation long pending in Oklahoma.

 Second, hiring Laster is in the best interest of the estate. Although Carder asserts that the Oklahoma litigation is concluded, the evidence indicated that several issues remain for determination by the Oklahoma court. Indeed, by separate Order, this Court has abstained from determining the Oklahoma state law issues now pending in Oklahoma and modifies the injunction to permit those matters to be addressed by the Oklahoma court. Inasmuch as Laster was the attorney who litigated the issues at the trial level and two levels of appeal, it cannot be contested that he is the attorney most familiar with the facts and law such that he can litigate the trustee's claims and defenses more expeditiously than any other attorney. Certainly, the faster the Oklahoma litigation is resolved, the better for all creditors. Moreover, the issues pending before the Oklahoma state court are all matters of Oklahoma law with regard to which the trustee is unfamiliar and with which Laster is familiar. Hiring an attorney who is already familiar with the litigation, as well as the law to be applied, clearly is in the best interest of the estate.

Likewise, the Court does not find merit in Austin's assertion that Laster has a conflict of interest with the estate merely because he may have attorney's lien on the judgment pursuant to Oklahoma law. This is an application under section 327(e), a section which imposes fewer restrictions upon the applicant than section 327(a). The purpose of the rule is to permit the Court to evaluate actual or potential conflicts or adverse interests, *In re American Thrift & Loan Association,* 137 B.R. 381 (Bankr.S.D.Cal.1992). Based upon the testimony and nature of Laster's interest in the litigation the Court does not believe that there is an actual or potential conflict meriting denial of the application. In most situations under section 327(e), the special counsel has a contingency fee or similar arrangement by which they expect to be paid from the proceeds of the litigation. Were an attorney's monetary interest in the outcome of the litigation a conflict, the purpose of the rule would be severely and unnecessarily restricted.

Accordingly, the creditors' objections will be overruled and it is

**ORDERED** that Trustee's Amended Application for Employment of Special Counsel, filed on March 6, 1996, is APPROVED and the objections of Carder Investment, Inc., and William Austin filed on March 22, 1996, and March 21, 1996, respectively are OVERRULED.

**IT IS SO ORDERED.**