In re DEVELOPMENT CORP. OF PLYMOUTH, INC., Debtor.

No. 01–53364–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 1, 2002.

Michael C. Hammer, Detroit, MI, for creditor.

Wallace M. Handler, Southfield, MI, for debtor.

Mark H. Shapiro, Southfield, MI, for trustee.

*Opinion Regarding Motion to Disqualify Trustee's Special Counsel*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on a motion to disqualify trustee's special counsel, Fausone, Taylor & Bohn, LLP, filed by Alan C. Harnisch, Lawrence S. Gadd, Samuel K. Hodgdon, and Harnisch & Gadd, P.C., defendants in an adversary proceeding filed by the trustee. (Adversary Proceeding # 02–4603). The remaining defendants in the adversary proceeding have filed concurrences in this motion. Mark Shapiro, the trustee, filed an objection. The Court concludes that the trustee's counsel was properly appointed under

11 U.S.C. § 327(a), and that therefore the motion should be denied.

## I.

In September, 1999, Plymouth Pointe condominium association filed suit against Delcor Homes–Plymouth Pointe, Ltd., a/k/a Development Corp. of Plymouth, for alleged construction defects in a condominium development. The condominium association was represented by the law firm of Fausone, Taylor & Bohn. The condominium association ultimately obtained a $2,400,000 judgment against Delcor Homes–Plymouth Pointe, Ltd. The matter is currently on appeal.

On July 11, 2001, Delcor Homes–Plymouth Pointe, Ltd., filed for chapter 7 relief. Mark Shapiro was appointed trustee. On October 10, 2001, pursuant to a motion filed by the trustee, the Court entered an order authorizing the trustee's employment of the law firm of Fausone, Taylor & Bohn as special counsel. On April 12, 2002, the trustee filed an adversary proceeding against the movants here. The action asserts causes of action against the debtor's principals, related corporations, and counsel based on debtor's claims for breach of contract and warranty against Delcor Construction, breach of fiduciary duty to the debtor, alter ego liability of the Delcor entities and control persons, violation of the UFTA, legal malpractice against the debtor's law firm, and waste of corporate assets.

On June 10, 2002, the movants filed this motion to disqualify counsel for the trustee. The movants argue that counsel for the trustee has an interest adverse to the estate because the firm has a financial interest in the state court judgment against the debtor resulting from its contingent fee arrangement. The movants contend that the firm has opposed the debtor's prosecution of the appeal, which further evidences the conflict, as it would be in the debtor's best interest to have the state court judgment reversed, whereas it would not be in the firm's best interest.

The trustee responded arguing, in part, that its retention of the firm as special counsel was under the less stringent requirements of 11 U.S.C. § 327(e), not § 327(a) or § 327(c). The trustee also contends that there is no inherent conflict in the representation. Further, the trustee asserts that the movants lack standing and that their motion to disqualify is untimely.

The Court conducted a hearing on July 29, 2002. At the hearing, the Court questioned whether § 327(e) was applicable when the firm had not previously represented the debtor. The trustee asserted that it was. The movants provided a transcript of a bench opinion by Bankruptcy Judge Jeffrey Hughes in which he held that § 327(e) was limited to attorneys who had previously represented the debtor. *In re MTG, Inc.*, No. 95–48268 (Bankr.E.D. Mich. June 13, 2002). The Court took the matter under advisement and requested each party to submit cases in support of their respective positions.

## II.

■ Section 327(e) provides:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, *an attorney that has represented the debtor,* if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added).

■ It is a "familiar canon of statutory construction that the starting point for

interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Moreover, when a court finds the language of a statute to be clear and unambiguous, "judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984) (quoting *TVA v. Hill,* 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978)). "[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language." *Garcia,* 469 U.S. at 75, 105 S.Ct. 479.

By its express terms, § 327(e) applies only to attorneys who have represented the debtor. The legislative history of § 327(e) is consistent with this reading, recognizing that § 327(e) "will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R.Rep. No. 595, 95th Cong., 1st Sess. 328 (1977), *reprinted in* 1977 U.S.Code Cong. & Admin. News 5963.

Accordingly, the Court concludes that § 327(e) is applicable only to attorneys who have previously represented the debtor. *See e.g., Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 622 (2d Cir.1999). ("By its terms, section 327(e) applies only where the attorney represented the debtor."); *In re NWFX, Inc.,* 267 B.R. 118 (Bankr. W.D.Ark.2001) (Section 327(e) expressly requires that the attorney must have previously represented the debtor.); *In re*

*Abrass,* 250 B.R. 432, 435 (Bankr.M.D.Fla. 2000) ("A trustee is free to employ multiple general counsels for general representation or for limited purposes, as long as each attorney meets the requirements of Section 327(a). However, only attorneys who formerly represented the debtor qualify for special treatment under Section 327(e)."); *Meespierson, Inc. v. Strategic Telecom, Inc.,* 202 B.R. 845, 850 (D.Del. 1996) ("[T]he language of § 327(e) is clear and unequivocal, and under a plain reading of that section, the appointed attorney must have previously represented the debtor."); *In re Cockings,* 195 B.R. 735, 736–37 (Bankr.E.D.Ark.1996); *In re Black & White Cab. Co., Inc.,* 175 B.R. 24, 26 (Bankr.E.D.Ark.1994) (Attorney must have previously represented debtor under § 327(e)).

Because § 327(e) is not applicable, the Court must determine whether the appointment of Fausone, Taylor & Bohn as counsel for the trustee is appropriate under § 327(a).

### III.

Initially, the Court finds that the movants do have standing to challenge the trustee's appointment of Fausone, Taylor & Bohn. Although § 327(c) specifically limits a motion to disqualify to creditors or the United States trustee, under § 327(a) any party in interest may object to the appointment of counsel. *In re Mundo Custom Homes, Inc.,* 214 B.R. 356, 360 (Bankr.N.D.Ill.1997).

On the issue of whether the firm's appointment under § 327(a) is appropriate, the Court again begins the analysis with the statute, which provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that

do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

■ Section 327(a) serves to insure that "the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr.E.D.N.Y.1993).

Section 327(c) provides:

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(c).

■ This provision prevents disqualification based solely on the professional's prior representation of or employment by a creditor. It "does not preempt the more basic requirements of subsection (a)." *Interwest Bus. Equip., Inc. v. U.S. Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 316 (10th Cir.1994). This exception provides only that representation of a creditor is not alone sufficient grounds for disqualification; it does not prevent disqualification on other grounds. *First Ambulance Ctr. of Tenn., Inc.*, 181 B.R. 323, 325 (Bankr.M.D.Tenn.1995).

In *AroChem,* the court stated that although § 327(e) did not apply because the attorney had not previously represented the debtor, the focus of the inquiry under § 327(a) is upon whether the attorney's representation of the estate is adverse to the estate's interest in the subject matter of the representation.

We nonetheless believe, in accordance with a number of other courts, that in applying sections 327(a) and (c) we should reason by analogy to 327(e), so that "where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself." *Stoumbos v. Kilimnik,* 988 F.2d 949, 964 (9th Cir.1993). Like the court in *In re Fondiller,* 15 B.R. 890, 892 (9th Cir. BAP 1981), we "interpret that part of § 327(a) which reads that attorneys for the trustee may 'not hold or represent an interest adverse to the estate' to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney." *Id.*

Thus, where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand. *See, e.g., In re National Trade Corp.,* 28 B.R. 872, 875 (Bankr. N.D.Ill.1983) (denying motion to disqualify special counsel under § 327(c) because interest of the firm as special counsel was identical to interest of the estate); *In re RPC Corp.,* 114 B.R. 116 (M.D.N.C.1990) (approving retention because " 'the interests of the estate and the firm's clients are identical with respect to the firm's duties as special counsel' ") (quoting *Fondiller,* 15 B.R. at 892). Accordingly, in this case we must ask whether—*with respect to the special representation it has been hired to undertake*—[the attorney] (1) holds or represents an interest that is adverse to the

estate, and (2) is a "disinterested person."

*AroChem,* 176 F.3d at 622.

"To hold or represent an interest adverse to the estate" means (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate. *See In re C.F. Holding Corp.,* 164 B.R. 799 (Bankr.D.Conn.1994); *In re Roberts,* 46 B.R. 815 (Bankr.D.Utah 1985), *aff'd in relevant part and rev'd in part on other grounds,* 75 B.R. 402 (D.Utah 1987). Here, with respect to the trustee's action against the defendants, the interests of the trustee and those of the Association in the prior litigation are completely aligned. Any recovery in this adversary proceeding will increase the amount available to creditors, including the Association.

The Court further concludes that the firm qualifies as a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

Accordingly, the motion to disqualify trustee's special counsel is denied.