### In re PETERS CONTRACTING, INC., Debtor.

### No. 303–05991.

United States Bankruptcy Court, M.D. Tennessee.

Nov. 6, 2003.

Samuel Crocker, Nashville, TN, for Chapter 7 Trustee.

John C. Tishler, Waller Lansden Dortch & Davis, Nashville, TN, Special Counsel to Chapter 7 Trustee.

Michael Collins, Manier & Herod, Nashville, TN, for Acuity, a Mutual Insurance Company.

## MEMORANDUM & ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on Acuity, A Mutual Insurance Company's ("Acuity") objection to the chapter 7 trustee's motion to employ Waller Lansden

Dortch & Davis ("WLDD") as Special Counsel to represent the estate in a pending adversary proceeding against Acuity. Acuity argues that because WLDD has represented National City Bank of Kentucky ("NCBK") in a Kentucky state court matter involving the same facts, and appeared on behalf of NCBK as a creditor in this bankruptcy, that WLDD cannot meet the "no adverse interest" and/or "disinterestedness" requirements of 11 U.S.C. § 327(a). The trustee contends that while WLDD might not qualify under section 327 as general counsel, the firm does meet all necessary requirements to serve as special counsel to represent him in the adversary proceeding only. For the reasons specified herein, the court finds that the trustee's application to employ WLDD is approved, and all objections by Acuity are hereby overruled.

A proceeding styled *National City Bank of Kentucky v. Logan Todd Regional Water Commission, and Acuity, A Mutual Insurance Company and Peters Contracting, Inc.* is currently pending in the Circuit Court for Todd County, Commonwealth of Kentucky. The lawsuit seeks a declaratory judgment to establish the priority of NCBK's security interest and to recover proceeds that were allegedly improperly paid to Acuity on a construction project on which the debtor was the contractor and Acuity was the surety. Apparently, NCBK's attorney seeks removal of the action to this court. Meanwhile, the trustee has filed a declaratory judgment adversary proceeding and plans to consolidate the two actions based upon the similarity of issues.

The trustee filed the current motion to employ WLDD to represent him in the adversary proceeding. In the motion, he discloses that WLDD formerly made an appearance for NCBK and that WLDD has discontinued representation of NCBK in both the state court litigation and the bankruptcy proceeding. The trustee alleges that WLDD has no interest adverse to the estate upon matters for which they are engaged, and that such employment is in the best interest of the estate.

Acuity argues to the contrary. Acuity contends that because WLDD has appeared on behalf of NCBK to oppose an Acuity stay relief motion, and has represented NCBK in relation to discovery in this court and in the state court action, it is not disinterested and does hold adverse interests to the estate. Acuity posits that WLDD has an actual conflict of interest and a potential conflict if the estate has lender liability claims against NCBK. Acuity argues that counsel appointed to represent the estate, whether general or special counsel, should be free from connections to particular creditors that would bring into question counsel's ability to further the interests of the estate without bias.

■■■■ Section 327 provides in relevant part:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified

for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327. Section 327(a) serves to insure that the "undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Dev. Corp. of Plymouth, Inc.*, 283 B.R. at 468 (quoting *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr.E.D.N.Y.1993)). Section 327(c) prevents disqualification solely on the attorney's prior representation of a creditor, but does not excuse compliance with subsection (a)'s adverse interest and disinterestedness requirements. *First Ambulance Ctr. of Tenn., Inc.*, 181 B.R. 323, 325 (Bankr.M.D.Tenn.1995).

▓ Section 327(e) has no application in this context because it applies only when counsel has formerly represented the debtor, not a creditor. *In re Dev. Corp. of Plymouth, Inc.*, 283 B.R. at 467 (plain language of 327(e) makes it applicable only where attorney previously represented the debtor). The court must therefore look to §§ 327(a) and (c) to determine if WLDD should be allowed to serve as special counsel. In other words, WLDD's appointment as special counsel should be permitted only if the firm is disinterested

and holds no interest adverse to the estate *for the limited purpose for which they are retained.* See *M.T.G., Inc.*, 298 B.R. at 318. *See also Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610 (2nd Cir.1999).

Although the Sixth Circuit has not addressed this issue directly, other courts within the Sixth Circuit have found that "where a trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself." *In re M.T.G., Inc.*, 298 B.R. 310, 318 (E.D.Mich.2003) (quoting *In re Dev. Corp. of Plymouth, Inc.*, 283 B.R. 464 (Bankr. E.D.Mich.2002) (quoting *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993))).

▓ This court, as did the Bankruptcy Court for the Eastern District of Michigan, finds the reasoning of the *Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610 (2nd Cir.1999) persuasive on this issue:

We nonetheless believe, in accordance with a number of other courts, that in applying sections 327(a) and (c) we should reason by analogy to 327(e), so that "where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself." *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir.1993). Like the court in *In re Fondiller*, 15 B.R. 890, 892 (9th Cir. BAP 1981), we "interpret that part of § 327(a) which reads that attorneys for the trustee may 'not hold or represent an interest adverse to the estate' to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney." *Id.*

Thus, where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand. *See, e.g., In re National Trade Corp.,* 28 B.R. 872, 875 (Bankr.N.D.Ill. 1983) (denying motion to disqualify special counsel under § 327(c) because interest of the firm as special counsel was identical to interest of the estate); *In re RPC Corp.,* 114 B.R. 116 (M.D.N.C.1990) (approving retention because " 'the interests of the estate and the firm's clients are identical with respect to the firm's duties as special counsel' ") (quoting *Fondiller,* 15 B.R. at 892).

*Id.* at 622. In this case, the trustee and NCBK have taken identical positions on the matters at issues. NCBK's response to the stay relief motion mirrors the trustee's position in the adversary proceeding. The interests of NCBK and the trustee in this care are aligned, and the court finds no actual conflict or even potential conflict that would prevent employment as special counsel. Furthermore, the court retains the power to remove WLDD as special counsel if WLDD's representation of the trustee fails to conform to the disinterestedness standards of 11 U.S.C. § 327(a). *See In re Plaza Hotel Corp.,* 111 B.R. 882, 891 (Bankr.E.D.Cal.1990) (bankruptcy court exercised continuing supervisory role to revisit areas of potential conflict during pendency of case and disqualified appointed bankruptcy counsel for conflict of interest). The court may also waive WLDD's fees under 11 U.S.C. § 328(c) if WLDD's representation of the trustee does not comply with section 327(a). *See In re Martin,* 817 F.2d 175, 182–83 (1st Cir. 1987) (if bankruptcy court finds conflict of interest, court may, *inter alia,* disqualify counsel or disallow professional fees); *In re Kendavis Indus. Int'l, Inc.,* 91 B.R. 742, 762 (Bankr.N.D.Tex.1988) (where attorney

for debtor had interests adverse to estate, court reduced allowance of attorneys' fees). Thus, effective review of the order appointing WLDD as special counsel is available should an adverse interest or disinterestedness problem arise.

The court therefore, overrules Acuity's objection to the trustee's motion to employ WLDD as special counsel to represent him in the pending adversary proceeding. The court finds that WLDD meets the disinterestedness and holding no adverse interest requirements of 11 U.S.C. § 327, and that employment of WLDD as special counsel is in the best interest of the estate.

It is therefore so ORDERED.