**In re Eli S. ASHER, Debtor.**

**Bankruptcy No. 92–30246–S–7.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Feb. 24, 1994.

Thomas J. Schank, Toledo, OH, for debtor.

Philip R. Joelson, Trustee, Toledo, OH.

Richard J. Szczepaniak, Toledo, OH, for trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Application for Authority to Employ Attorney as Special Co–Counsel to Trustee, the Objection of the Debtor to the Trustee's Application for Authority to Employ Attorney as Special Co–Counsel to Trustee, and Debtor's Memorandum In Support thereto. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court granted Counsel leave to submit applicable case law. The Trustee filed a Brief in Support of his Application and Debtor filed a Response. The Court has reviewed the Brief, Response, exhibits, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Trustee's Application for Authority to Employ Attorney as Special Co–Counsel to Trustee should be Denied.

### FACTS

The relevant facts are as follows:

On or about December 20, 1991, Eli S. Asher (hereafter "Debtor") entered into a contract agreement with Mid American National Bank and Trust Company (hereafter "Bank"). On or about October 29, 1991, Debtor also entered into a contract agreement with George Ballas Leasing Inc. (hereafter "Ballas"). Pursuant to these agreements, Debtor would receive commission checks of 6% from the Bank and 5% from Ballas on the sale of equipment. The payments would be made to Debtor, without regard to actual work performed in facilitating the sale, when the transactions were finalized. Before the commissions were paid, the Debtor on January 27, 1992, filed for Chapter 7 Bankruptcy liquidation proceeding in this Court.

On or about March 4, 1992, the Trustee notified the Debtor during Debtor's Section 341 Meeting of Creditors, that the commissions were compensation for services rendered prior to bankruptcy, and as such, were assets of the bankruptcy estate.

On or about July 21, 1992, the Trustee made a demand upon the Debtor, the Bank and Ballas to pay any compensation due the Debtor. The notifications demanded that the Debtor, the Bank, and Ballas turn over the commissions to the Trustee immediately upon their availability.

In spite of the notices received, the Bank and Ballas transferred the assets to the Debtor. This was done by issuing to the Debtor a cashier's check totalling Eighty-one Thousand, Two Hundred and Fifty Dollars ($81,250.00) from the Bank and a cashier's

check totalling Ninety-seven Thousand, Five Hundred Dollars ($97,500.00) from Ballas.

On or about December 23, 1992, the Trustee entered into an agreement with the Debtor to recover some of the money that was transferred from the Bank and Ballas to the Debtor. This agreement clearly relinquished any claims the Trustee had against Debtor concerning this matter, in exchange for Twenty Thousand Dollars ($20,000.00), plus a portion of future commissions. The Trustee expressly reserved any claims it might have against the Bank or Ballas.

The Trustee, seeking to recover from the Bank and Ballas the remaining sum transferred, filed an Application for Appointment for Authority to Employ Attorney as Special Co–Counsel to the Trustee on August 25, 1993, and in support of his Application filed a Brief.

Mr. Richard Szczepaniak, Trustee's selection for Co–Counsel, also filed an Affidavit on August 25, 1993. In paragraph four (4) of said Affidavit, Mr. Szczepaniak disclosed his holdings of two-hundred (200) shares of stock in Mid–American National Bank.

On October 22, 1993 on behalf of the Debtor, a Memorandum in Objection to the Application was filed. The essential claim is that the appointment of an additional Co–Counsel will further diminish the bankruptcy estate.

### LAW

**11 U.S.C. § 323**

**§ 323.  Role and capacity of trustee.**

(a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued.

**11 U.S.C. § 704**

**§ 704.  Duties of trustee.**

The trustee shall—

1) collect and reduce to money the property of the estate for which such trustee serves, . . .

**11 U.S.C. § 327**

**§ 327.  Employment of professional persons.**

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

**11 U.S.C. § 101**

**§ 101.  Definitions.**

In this title—

(14) "disinterested person" means a person that—

(A) is not a creditor, an equity security holder, or an insider;

(16) "equity security" means—

(A) share in corporation, whether or not transferable or denominated "stock", or similar security.

### *DISCUSSION*

The appointment of Co–Counsel to assist in the administration of the estate's assets is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

■ At this time the Court is not persuaded that the appointment of Co–Counsel is necessary or appropriate.

The duties of a Bankruptcy Trustee are well settled law. Black's Dictionary defines the Bankruptcy Trustee as:

"(The) Person appointed by the Bankruptcy Court to take charge of debtors estate, **to collect assets,** to bring suit on debtor's claims, to defend actions against it, and otherwise administer debtor's estate." Black's Law Dictionary 147 (6th Ed.1990). (Emphasis added)

The role of the Trustee, as defined by the Bankruptcy Code, is also quite clear. The trustee is the representative of the estate, with the capacity to sue. 11 U.S.C.A. § 323 (1993).

The Bankruptcy Code also details the duties of the Trustee. A primary duty of the Trustee is to collect and reduce to money the property of the estate. 11 U.S.C.A. § 704 (1993).

While there may be question as to the validity of Trustee's right to the asset in question, it is clearly his duty to pursue it. In that pursuit, Trustee wishes to employ Co–Counsel. Since this action will further deplete the estate's resources, out of which Attorney for the Trustee is already being compensated, a second attorney should only be authorized by this Court if genuinely necessary.

The twenty-nine (29) page Motion of the Attorney for Trustee is largely a discussion of the merits of the case. No significant reasons in law or fact are stated which require the appointment of Co–Counsel.

In fact, the Motion does convince this Court that the abilities of the present attorney for the Trustee are more than adequate. If the present counsel has the time and ability to produce such a lengthy document, it begs the question "why does he need help?".

 Additionally, the person nominated by Trustee as Co–Counsel, while highly qualified, is not a disinterested person as required by the Bankruptcy Code. The employment of professional persons is subject to a two (2) prong test under 11 U.S.C. § 327. The person employed must be disinterested and cannot hold or represent an interest adverse to the estate. The Bankruptcy Code fails to define the terms "interest adverse to the estate"; however, a "disinterested person" is defined under Section 101(14) as a person that:

(a) is not a creditor, an equity security holder, or an insider; and

(e) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason;

The requirement of disinterestedness and lack of adverse interest, which address actual and potential conflicts, are also applicable to the appearance of impropriety or conflict. *In re Watson*, 94 B.R. 111 (Bankr.S.D.Ohio 1988) *recons. denied* 102 B.R. 112 (Bankr.S.D.Ohio 1989). The disinterested person should be divested of any scintilla of personal interest which might be reflected in the decision concerning estate matters. *In re Watson*, 94 B.R. at 116 (citing *In re Codesco*, 18 B.R. 997, 999 (Bankr. S.D.N.Y.1982)).

If in the future the Trustee can establish adequate grounds for the appointment of a different Co–Counsel, then this Court may reconsider his Motion. At this time, however, the Court finds no grounds for granting Trustee's Application.

In reaching the conclusion found herein, the Court has considered all the evidence, including the exhibits and arguments of Counsel, regardless of whether or not they are specifically, referred to in this opinion.

Accordingly it is

**ORDERED** that Trustee's Application for Authority to Employ Attorney as Special Co–Counsel to Trustee be, and is hereby, **DENIED.**