### In re MUNDO CUSTOM HOMES, INC.

**Bankruptcy No. 96 B 29464.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 17, 1997.

Timothy Rathbun of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, Joliet IL, for Movant.

James Egan, Joliet IL, for Debtor.

Michael Berland, Chicago, IL, Trustee.

George Vosicky of Rooks Pitts & Poust Chicago, IL, for Trustee.

## MEMORANDUM OPINION ON MUN-DOS' MOTION TO VACATE ORDER TO APPOINT ATTORNEY

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case filed by Mundo Custom Homes, Inc. ("Debtor" or "MCH") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Code") on November 4, 1996. Michael G. Berland ("Trustee") was appointed Chapter 7 Trustee. Rooks, Pitts, and Poust ("Rooks") was approved to represent the Trustee for the limited purposes of pursuing certain fraudulent transfer actions and other related matters on behalf of the Trustee. Vincent and Kathryn Mundo ("Mundos" or "Movants"), owners of MCH, moved to vacate the order approving Rooks as special counsel. Movant argues that Rooks is not disinterested because it previously represented certain creditors in lawsuits against the Debtor and holds a certain check in which (they say) it claims an interest. The Chapter 7 Trustee responds that the Mundos lack standing to bring this motion, and that the Mundos have not shown any actual conflict of interest under Code § 327(c). For the reasons stated below, Movants' motion is denied.

### BACKGROUND

On October 18, 1994, James and Christiane Lawson ("Lawsons"), creditors of the Debtor, along with two other creditors, filed an involuntary Chapter 7 petition against MCH. It was assigned to Judge John H. Squires. The petitioning creditors were represented by Mitchell Jones, an attorney with Rooks, Pitts, and Poust. The involuntary petition was dismissed on or about December 20, 1994. On March 13, 1995, Judge Squires awarded attorney's fees and costs to MCH in the amount of $5,076 pursuant to 11 U.S.C. § 303(i)(A) and (B).

Outside of bankruptcy, the Lawsons (represented by Rooks) were awarded a judgment against MCH for $84,868 on a date not disclosed in the pleadings. Rooks then initiated citation proceedings against MCH. Rooks and Timothy Rathbun, an attorney

with McKeown, Fitzgerald, Zollner, Buck, Hutchinson and Ruttle who represented MCH, came to an agreement, the full details of which were not disclosed in the pleadings. Pursuant thereto, Rooks (then counsel for the Lawsons) would retain possession of the check that had been drawn to pay the allowed fees and costs, so the funds represented thereby would not be received by MCH and then reached by Lawsons' citation proceedings that followed entry of their judgment.

Movants allege that Rooks wrote the check for attorney's fees and costs allowed by Judge Squires out of its own account. Although the check was drawn on a Rooks "Disbursement" Account, Rooks never addressed in its pleadings whose monies were used to fund the check. It is unclear whether the funds were originally those of the Lawsons or Rooks. Rooks does not claim the check or its proceeds as due to it or belonging to it. Therefore, pursuant to the following discussion, the original source of funds represented by the check does not affect the present issues.

Mr. Rathbun informed Rooks that the right to payment of the allowed fees and costs had been assigned to the Mundos. The attorney stated that the assignment was in exchange for the Mundos funding the defense of the involuntary proceeding. Rooks, however, disputed this fact and filed a state court action to determine proper ownership of the funds represented by the check. Rooks has been and still is in possession of the check or proceeds thereof.

On November 4, 1996, before the state court could rule on ownership of the check, MCH filed a voluntary Chapter 7 bankruptcy petition. The Chapter 7 trustee appointed George Vosicky, also an attorney with Rooks, as special counsel to investigate all possible fraudulent transfers. This entailed examination of any transfers between the estate and the Mundos and included the right to payment of the fees. Rooks disclosed the retention of the $5,076 check prior to its appointment as special counsel. Upon request of the trustee, Rooks ceased representation of the Lawsons in the voluntary proceeding.

The Mundos received no notice of the original motion to approve counsel; once learning of it, they filed this motion to vacate the order of approval. The Trustee argues that the Mundos do not have standing to sue and that Bankruptcy Code § 327 bars the Mundos' attempt to disqualify Rooks as special counsel.

There is no need to take evidence. Assuming Movants' version of the underlying facts, their motion is nonetheless denied.

## *JURISDICTION*

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## *DISCUSSION*

Bankruptcy Code § 327 governs employment of professional persons in a bankruptcy proceeding and provides, in relevant part:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title....

...

(c) In a case under chapter 7 ... of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327 (1997).

█ A trustee may therefore employ attorneys for the estate if they (1) do not hold or represent an interest "adverse" to the estate, and (2) are disinterested. *In re American Printers & Lithographers, Inc.,* 148 B.R. 862, 864 (Bankr.N.D.Ill.1992)

(Schmetterer, J.); *In re Tinley Plaza Assocs., L.P.*, 142 B.R. 272, 277 (Bankr.N.D.Ill. 1992) (Schwartz, C.J.).

■ The Bankruptcy Code does not define what constitutes an "adverse interest." Courts have interpreted the term to mean "any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute." *Tinley Plaza*, 142 B.R. at 277.

■ A "disinterested" person, on the other hand, is defined in the Bankruptcy Code as one who "does not have an interest materially adverse to the interest of the estate ... by reason of any direct or indirect relationship to, connection with, or interest in, the debtor ... or for any other reason." 11 U.S.C. § 101(14)(E) (1997). A disinterested person should be free from "any scintilla of personal interest" which could affect his or her decisions involving the estate. *In re Asher*, 168 B.R. 614, 617 (Bankr.N.D.Ohio 1994); *see Tinley Plaza*, 142 B.R. at 277–78; *In re Kuykendahl Place Assoc., Ltd.*, 112 B.R. 847, 850 (Bankr.S.D.Tex.1989). Whereas "adverse interest" refers to economic interest or potential bias, "disinterestedness" is said to refer to relationships or personal interests. *See Tinley Plaza*, 142 B.R. at 277; *American Printers*, 148 B.R. at 865; *see also In re Diamond Mortgage Corp.*, 135 B.R. 78, 95 (Bankr.N.D.Ill.1990). Those semantic differences obviously blur when one's personal interest is in a fund of money or a payment asserted to be due.

■ Section 327(a) is enforced to eliminate any bias that could affect the bankruptcy system. The issue presented here is whether Rooks' previous representation of the Lawsons as creditors of the bankruptcy estate and its continued possession of a check possibly owned by the estate (or holds monies that were proceeds of that check) disqualifies lawyers of that firm under 11 U.S.C. § 327.

### Standing

■ A threshold issue is whether the Mundos have standing to question approval of the Trustee's counsel.

The Trustee argues that § 327(c) mandates that a party who objects to professional employment must be either a creditor or the trustee. While this reading is correct, the Mundos did not challenge Rooks' employment under § 327(c). Instead, they assert that Rooks is not "disinterested." While the Mundos did not cite a specific section of the Bankruptcy Code, the word "disinterested" appears in § 327 only in subsection (a). Section 327(a) does not limit a motion to disqualify to creditors or trustees.

The Mundos, as equity holders in the debtor corporation and as the targets of fraudulent transfer litigation, are at least arguably parties in interest. Further, the Mundos claim entitlement to the check in question or its proceeds. They argue that the selection of Rooks as special counsel prejudices them and ensures they will never have a fair chance of receiving the check which was assertedly assigned to them, even though they contend the check payment is no longer due to the Debtor or estate.

The Trustee relies on *In re El San Juan Hotel Corp.*, 149 B.R. 263 (D.P.R.1992), to challenge the Mundos' standing. However, that case is inapplicable. In *El San Juan*, the plaintiff sued the estate's attorney for diminishing the assets of the estate. *El San Juan Hotel Corp.*, 149 B.R. at 270. The plaintiff, an ex-employee of the estate, argued that the attorney behaved illegally by falsely claiming to be a disinterested party. *Id.* The court found that the plaintiff lacked the requisite injury necessary for standing because the injury, which was depletion of assets, could be felt only by the estate. *Id.*

Here, the Mundos are asserting their injury on behalf of themselves, not the debtor corporation. They argue that Rooks' appointment as special counsel directly harms them because Rooks remains in possession of the check or its proceeds which they allege is rightfully theirs. Under § 327(a), any party in interest may object to the appointment of counsel. The Mundos are parties in interest and have standing to bring the motion.

### Lack of Notice

■ The Mundos argue that they received no notice of the order appointing Rooks as

special counsel in the voluntary proceeding. Provisions for notice in bankruptcy proceedings are found within Fed. R. Bankr.P.2002 which sets forth various provisions for notice, such as time limit, content, and parties on whom notice must be served. Although Rule 2002 provides for twenty-days notice to parties in interest for attorney compensation, see 2002(a)(6) & (c)(2), there is no equivalent notice requirement for motions to appoint counsel. Nor is there applicable notice provisions in the Bankruptcy Code or Local Rules. See 11 U.S.C. § 101 et seq., N.D. Ill. R. 1.00 et seq.

▮ In this case, Rooks served the Trustee and Debtor's attorney with notice of motion to approve counsel. There is no requirement under the Bankruptcy Code, Rules, or Local Rules that mandates such notice to other parties in interest. Moreover, since no such notice was sent to them, the Mundos are not foreclosed from bringing their motion. They were not afforded an earlier opportunity to object to counsel and brought their present motion with reasonable expedition after learning of the earlier order.

### Waiver

▮ The Trustee also argues that the Mundos are getting "two bites at the apple" by contesting Rooks' appointment as special counsel when MCH waived any conflict of interest. If conflicts of interest exist, they cannot be waived under Code § 327. American Printers & Lithographers, 148 B.R. at 867, case cited. Assuming arguendo without deciding that the debtor estate waived any conflict of interest concerning Rooks' appointment as special counsel, such waiver would be ineffective to block the instant motion.

### Adverse Interest and Disinterestedness

▮ Thus, we reach merits of the issue.

An "adverse interest" is "any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute." Tinley Plaza, 142 B.R. at 277. A "disinterested" person is one who "does not have an interest materially adverse to the interest of the es-

tate," 11 U.S.C. § 101(14)(E) (1997), and is free from "any scintilla of personal interest" which could affect his or her decisions involving the estate. Asher, 168 B.R. at 617; American Printers, 148 B.R. at 865.

Rooks does not hold or claim an interest adverse to the estate. Rooks concedes its obligation to turn the check or its proceeds over to whatever entity is ultimately found to own it. It holds the check only until that entity is determined. There is no conflict between the temporary retention of the check or proceeds thereof and the fraudulent transfer actions Rooks may bring against the Mundos or other parties. Rooks would thereby seek to recover funds that properly belong in the estate. Rooks' motivation and duty is to ensure that the estate is not and has not been depleted unlawfully. Additionally, Rooks' expressed willingness to tender the check upon adjudication of the proper owner shows an absence of economic interest in the funds. Rooks has no bias as a result of or economic interest in the check so as to render its interest adverse to the estate.

Moreover, Rooks is a disinterested party. It has ceased representation of the Lawsons. There is no current conflict or economic interest which would affect Rooks' decisions. Although Rooks holds a check which may (or may not) belong to the Mundos, its retention of that check or funds possibly owed to the estate does not create a "scintilla" of personal interest in Rooks which would affect its decisions involving the estate or the action it might bring against anyone. And, indeed, should it claim that the fund represented by the check belongs to the bankruptcy estate (since Judge Squires had ordered it paid to MCH), that would hardly conflict with interests of the estate or any non-existent claim by Rooks.

Movants argue that Rooks is not disinterested for a variety of reasons. First, they contend that the check is being used as leverage in this proceeding, but do not show how the check is being used improperly against them. Mere possession by Rooks of something claimed by others competing for ownership is not improper. If any party other than Rooks held the check, in order to avoid liability, it would likely hold onto it until a

court adjudged the competing claims. Rooks is in no different position.

Second, Movants argue that the involuntary bankruptcy proceeding against MCH was an unfounded lawsuit. Yet Bankruptcy Judge Squires decided the extent of remedy ordered for that, and he denied punitive damages for bringing the involuntary proceeding because the petitioning creditors were found to have acted in good faith. Moreover, the bringing of an involuntary bankruptcy petition found to be unfounded does not in itself create conflict of interest, adverse interest, or lack of disinterestedness in future actions brought by the same counsel on behalf of the estate.

Finally, Movants argue that Rooks is prejudiced against the Mundos in favor of the Lawsons. The Lawsons are creditors, while the Mundos are not. The Lawsons do not presently appear to be parties to or involved in the potential fraudulent transfer litigation, concerning which Rooks was appointed special counsel. It is likely that the Mundos' fear of "prejudice" actually stems simply from being the targets of fraudulent transfer litigation to be brought by the Rooks firm.

Moreover, under Code § 327(c), an attorney is not disqualified from employment as special counsel unless there is an actual conflict of interest. 11 U.S.C. § 327(c). A disqualifying conflict of interest may be actual or potential. *American Printers & Lithographers*, 148 B.R. at 866. A conflict of interest arises when an attorney serves two competing and adverse interests, *In re Diamond Mortgage Corp.*, 135 B.R. 78, 90 (Bankr.N.D.Ill.1990), or where competing interests will become active if certain contingencies arise. *In re BH & P, Inc.*, 103 B.R. 556, 563 (Bankr.D.N.J.1989). However, it is permissible for counsel to serve two interests where those interests have no conflict. *See, e.g., In re Amdura Corp.*, 121 B.R. 862, 867 (Bankr.D.Colo.1990) (one party incurred a trade debt "in the ordinary course of business and as to which there is no dispute").

Here, there is no dispute that the Lawsons owed the $5,076 awarded by Judge Squires to MCH. The only dispute is between MCH and the Mundos as to who has a right to the check drawn to pay that sum, but which was then retained by Rooks. The dispute does not involve the Lawsons, and the check or its proceeds will be tendered either to the Mundos or to the bankruptcy estate once the proper owner is identified.

Rooks is not serving competing or adverse interests. Its interests are unified: to maximize value of the bankruptcy estate. There is no conflict of interest in Rooks' employment as special counsel pursuing fraudulent transfer litigation.

### CONCLUSION

An air of unreality hangs above the small check written in compliance with Judge Squires' order, as the parties here played out their several scenarios concerning it and then repeatedly litigated over it. The cost of such bizarre litigation must have exceeded the amount in dispute by a great deal. It would only add to the unreality to find a basis for attorney disqualification in the circumstances presented here.

For reasons stated above and pursuant to Order separately entered, the Mundos' motion to vacate the order approving Trustee's counsel is denied.